# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM AHRENS AND PENELOPE AHRENS, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>CTI BIOPHARMA CORP., JAMES A. BIANCO, LOUIS A. BIANCO, BRUCE J. SEELEY, JACK W. SINGER, PHILLIP M. NUDELMAN, JOHN H. BAUER, KAREN IGNAGNI, RICHARD L. LOVE, MARY O. MUNDINGER, FREDERICK W. TELLING, and REED V. TUCKSON,<br><br>            Defendants. | Case No. 1:16-cv-01044-PAE |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DAFNA LIFESCIENCE, LP AND DAFNA LIFESCIENCE SELECT, LP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

DAFNA LifeScience, LP and DAFNA LifeScience Select, LP (the "DAFNA Funds" or "DAFNA"), respectfully submits this memorandum of law in support of its motion for: (i) appointment as Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (ii) approval of its selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz" or the "Firm") as Lead Counsel for the Class; and (iii) any such further relief as the Court may deem just and proper.

## I.    INTRODUCTION

The above-captioned action (the "Action") alleges that from March 4, 2014 to February 9, 2016 (the "Class Period"), CTI Biopharma Corp. ("CTI" or the "Company") and certain of its senior officers defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).[1]  The Action also asserts claims under Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o) against the foregoing defendants, as well as the Company's directors (collectively, "Defendants").  CTI investors, including DAFNA, incurred significant losses after the Company revealed to investors that the U.S. Food and Drug Administration ("FDA") determined that the Company's principal drug was implicated in a

---

[1] In addition to the above-captioned action, CTI investors filed a substantially identical securities class action in the U.S. District Court for the Western District of Washington (the "Washington Action").  *See McGlothin v. CTI BioPharma Corp.,* No. 2:16-cv-00216 (W.D. Wash. Filed Feb. 12, 2016).  DAFNA is concurrently filing a motion for appointment as lead plaintiff in the Washington Action.

number of serious and fatal injuries, which led the FDA to place a clinical hold on the drug, causing the Company to withdraw its New Drug Application ("NDA") with the FDA.

Pursuant to the PSLRA, the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that they are typical and adequate class representatives under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).

Here, DAFNA respectfully submits that it is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff.  DAFNA believes that it has the largest financial interest in this Action by virtue of its substantial investments in CTI securities during the Class Period.  Specifically, DAFNA incurred losses of approximately ***$1.39 million*** from its Class Period purchases of over 5.5 million shares of CTI common and preferred stock.[2]

In addition to asserting the largest financial interest in this litigation, DAFNA also meets the applicable requirements of Rule 23 because its claims are typical of absent class members and because it will fairly and adequately represent the interests of the Class.  Moreover, as a sophisticated institutional investor, DAFNA is the prototypical lead plaintiff envisioned by Congress under the PSLRA, and its appointment would fulfill this critical legislative purpose.  *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995)

---

[2] DAFNA's PSLRA-required Certification is provided as Exhibit A to the Declaration of Avi Josefson in Support of the Motion of DAFNA LifeScience, LP and DAFNA LifeScience Select, LP for Appointment as Lead Plaintiff and Approval of Its Selection of Lead Counsel ("Josefson Decl.").  In addition, charts setting forth calculations of DAFNA's losses are provided as Exhibit B to the Josefson Decl.  DAFNA purchased shares in three preferred stock offerings within the Class Period, on November 7, 2014, October 27, 2015, and December 4, 2015.

(explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Further, DAFNA understands the Lead Plaintiff's obligations under the PSLRA, and is willing and able to undertake the responsibilities of a Lead Plaintiff to prosecute the action. To that end, DAFNA has selected Bernstein Litowitz—a law firm with substantial experience in successfully prosecuting securities class actions—to serve as Lead Counsel for the Class. Accordingly, DAFNA requests that the Court appoint it Lead Plaintiff and otherwise grant its motion.

## II.   FACTUAL BACKGROUND

CTI is a biopharmaceutical company incorporated in Washington with operations and offices in London and Milan. The Company specializes in the acquisition and development of clinical treatments and medications for a variety of blood-related cancers. One of the Company's most advanced medications in its late-development pipeline is pacritinib, a treatment for myelofibrosis. On September 24, 2015, CTI priced an offering of 10,000,000 shares, at a price of $1.57 per share.

On November 7, 2014, CTI announced an underwritten public offering of 35,000 shares of its Series 21 Preferred Stock, offered to the public at a price of $1,000 per share of Series 21 Preferred Stock, each share convertible at the option of the holder, at any time, into 500 shares of common stock at a conversion price of $2.00 per share of common stock. On October 27, 2015, CTI announced an underwritten public offering of 50,000 shares of its Series N-1 Preferred Stock, offered to the public at a price of $1,000 per share of Series N-1 Preferred Stock, convertible at the option of the holder, at any time, into 800 shares of common stock at a conversion price of

$1.25 per share of common stock.  On December 4, 2015, CTI announced underwritten public offering of 55,000 shares of its Series N-2 Preferred Stock, offered to the public at a price of $1,000 per share of Series N-2 Preferred Stock, convertible at the option of the holder, at any time subject to certain limitations, into common stock at a conversion price of $1.10 per share of common stock.

As alleged in the Action, throughout the Class Period, CTI misrepresented the safety profile of pacritinib, and failed to disclose that pacritinib was attributed as a potential cause of death and injuries of several patients and that the Company's clinical trials showed the potentially dangerous side effects of the drug.  CTI also concealed from investors that, as a result of the fatal side effects associated with pacritinib, the Company would likely withdraw its NDA with the FDA, impacting future revenues.  As a result of these misrepresentations and omissions, CTI issued securities pursuant to misleading offering documents, and its securities traded at artificially inflated prices during the Class Period.

On February 8, 2016, CTI announced that the FDA had placed a partial clinical hold on pacritinib, which the Company attributed to fatal and life-threatening safety issues in pacritinib-treated patients, including heart failure, hemorrhage, and arrhythmias.  The FDA also noted excess mortality in pacritinib-treated patients compared to the control arm in the PERSIST-1 clinical trials evaluating pacritinib.  Under the partial clinical hold, the Company could not enroll new patients or start pacritinib as an initial or crossover treatment, and patients not deriving benefits after 30-weeks of pacritinib treatment should stop pacritinib.  As a result of these disclosures, shares of CTI Biopharma declined $0.68 per share to close at $0.44, a decline of over 60%.

Then, on February 9, 2016, the Company announced that the FDA had placed a full clinical hold on pacritinib, which superseded the partial clinical hold placed on the drug the prior day. Under the full clinical hold, all patients using pacrinitib were required to discontinue use of the

drug immediately, and the Company was prohibited from enrolling any new patients on pacrinitib as an initial or start-over treatment.  The Company further disclosed that as a result of the FDA's full clinical hold on pacrinitib, it withdrew its NDA for pacrinitib.  These disclosures caused the price of CTI stock to decline 40%.

III.    ARGUMENT

   A.    DAFNA Should Be Appointed Lead Plaintiff

DAFNA respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of the class members."  15 U.S.C. §§ 77z-1(a)(3)(B), 78u-4(a)(3)(B).  The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws.   Specifically, the PSLRA establishes a presumption that the plaintiff "most capable of adequately representing the interests of class members" is the movant that has the "largest financial interest" in the relief sought by the Class, so long as it also satisfies the relevant requirements of Rule 23.  15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).   As set forth below, DAFNA believes it is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

   1.    DAFNA Has Timely Moved for Appointment as Lead Plaintiff

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. §§ 77z-1(a)(3)(A), 78u-4(a)(3)(A).  On February 10, 2016, the Action was filed in this District.  That same day, a notice of pendency of the Action was published on *Business Wire*, alerting investors that the deadline to seek Lead Plaintiff status is April 11, 2016. *See* Josefson Decl., Ex. C.  Through this motion, DAFNA satisfies the PSLRA's requirement that any putative class member seeking appointment as Lead Plaintiff file a motion within 60 days of

5

the first-published notice of the pendency of the first-filed action asserting substantially similar claims.  *See* 15 U.S.C. §§ 77z-1(a)(3)(A), 78u-4(a)(3)(A).

## 2.   DAFNA Has the Largest Financial Interest in the Relief Sought by the Class

DAFNA believes that it has the "largest financial interest in the relief sought by the Class" and, as such, should be appointed Lead Plaintiff in this Action.   15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(bb), 78u-4(a)(3)(B)(iii)(I)(bb).  DAFNA sustained losses of approximately $1.39 million on its Class Period purchases of over 5.5 million shares of CTI common and preferred stock.  *See* Josefson Decl., Exs. A-B.   In addition to its common stock purchases, DAFNA purchased preferred shares, in three separate underwritten public offerings, which were converted to shares of common stock.  *Id.*   DAFNA's losses are the same whether calculated on a first-in, first-out ("FIFO") basis or a last-in, first-out ("LIFO") basis.  To the best of DAFNA's knowledge, no other applicant seeking Lead Plaintiff appointment has a larger financial interest in the Action than DAFNA.  Accordingly, DAFNA has the largest financial interest of any qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff."  15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii).

## 3.   DAFNA Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, DAFNA otherwise satisfies the requirements of Rule 23.   *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(cc), 78u-4(a)(3)(B)(iii)(I)(cc).   A party moving to seek appointment as Lead Plaintiff need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements.  *See In re Braskem S.A. Sec. Litig.*, No. 15 Civ. 5132 (PAE), 2015 WL 5244735, at *5 (S.D.N.Y. Sept. 8, 2015) ("At this early stage of litigation, however, "only the last two factors—

typicality and adequacy—are pertinent.'") (citation omitted).   Here, DAFNA unquestionably satisfies both requirements.

A Lead Plaintiff applicant can establish typicality by showing that the individual circumstances and legal theories upon which its claims are based are not markedly different from those of other class members.  *See id.* ("The lead plaintiff's claims, however, 'need not be identical' to the claims of the class to satisfy this requirement.") (citation omitted).   DAFNA satisfies this requirement because, just like all other proposed class members, DAFNA seeks recovery for losses incurred as a result of Defendants' misrepresentations and omissions that resulted in subsequent declines in the price of CTI securities.  *See Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11 Civ. 5097(JFK), 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011) (finding typicality requirement "easily met" when proposed Lead Plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants").   Thus, DAFNA satisfies the typicality requirement.

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, a representative party must "fairly and adequately protect the interests of the Class."  Fed. R. Civ. P. 23(a)(4).   In order to fairly and adequately represent the Class's interests, a Lead Plaintiff movant must demonstrate that it has the ability and incentive to represent the claims of the class vigorously, has obtained adequate counsel, and its interests are sufficiently aligned with those of absent Class members.  *See Braskem*, 2015 WL 5244735, at *5.   DAFNA satisfies these elements because its substantial financial stake in the litigation provides the ability and incentive to vigorously represent the Class's claims.   Its interests are perfectly aligned with those of the other Class members and are not antagonistic in any way.   In fact, DAFNA's purchases of preferred stock pursuant to CTI's public

offerings allow it to assert both Securities Act and Exchange Act claims, and thereby represent the entire Class. There are no facts to suggest any actual or potential conflict of interest or other antagonism between DAFNA and other Class members.

Moreover, the appointment of DAFNA would fulfill a critical legislative goal underlying the enactment of the PSLRA: encouraging sophisticated institutions with a large financial stake in the litigation to serve as lead plaintiff. *See Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in [class] actions") (citation omitted); *see also* H.R. Conf. Rep. No. 104-369, at *34, *reprinted in* 1995 U.S.C.C.A.N. at 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Finally, DAFNA has demonstrated its adequacy through its selection of Bernstein Litowitz as Lead Counsel to represent the Class in this Action. As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

### B.     DAFNA's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v); *see also In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice").

Bernstein Litowitz is among the preeminent securities class action law firms in the country. *See* Bernstein Litowitz's Firm Résumé, Josefson Decl., Ex. D. Bernstein Litowitz served as lead

counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288-DLC (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the Class.  More recently, Bernstein Litowitz secured a recovery of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058-PKC (S.D.N.Y.), and a $730 million settlement in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522-SHS (S.D.N.Y.) on behalf of the Class.

Other significant examples in which courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re Nortel Networks Corp. Securities Litigation*, No. 05-md-1659-LAP (S.D.N.Y.) (recovering $1.3 billion for investors); *In re Wachovia Preferred Securities and Bond/Notes Litigation*, No. 09-cv-6351-RJS (S.D.N.Y.) (recovering $627 million for investors); *In re Lehman Brothers Equity/Debt Securities Litigation*, No. 09-md-2017-LAK (S.D.N.Y.) (recovering $615 million for investors); and *In re Refco, Inc. Securities Litigation*, No. 05-cv-8626-JSR (S.D.N.Y.) (recovering $367 million for investors).

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.  Accordingly, the Court should approve DAFNA's selection of Bernstein Litowitz as Lead Counsel for the Class.

## IV.    CONCLUSION

For the reasons stated herein, DAFNA respectfully requests that the Court appoint DAFNA as Lead Plaintiff, and approve its selection of Bernstein Litowitz as Lead Counsel for the Class.

Dated: April 11, 2016                           Respectfully submitted,


                                    */s/ Avi Josefson*

                                    Gerald H. Silk
                                    Avi Josefson

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
avi@blbglaw.com

-and-

David R. Stickney (*Pro hac vice application
  forthcoming*)
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323
davids@blbglaw.com

*Counsel for Proposed Lead Plaintiff DAFNA
and Proposed Lead Counsel for the Class*

10